**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **Sonia Johnson**, | § § § § | |
| Plaintiff, | § § | Case No. |
| v. | § § § | |
| **MediCredit, Inc.**, | § § | Complaint and Demand for Jury Trial |
| Defendant. | § § § | |

## COMPLAINT

**Sonia Johnson** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **MediCredit, Inc.** (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, ("FDCPA") *15 U.S.C. § 1692 et seq.* and the Telephone Consumer Protection Act ("TCPA"), *47 U.S.C. §227 et seq.*

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the FDCPA claims in this action under 15 U.S.C. § 1692k(d), which states that FDCPA actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising

1

under the laws of the United States. This jurisdiction was specifically confirmed to apply to cases under the TCPA by <u>Mims v. Arrow Financial Services, LLC</u>, 565 U.S. 368 (2012)

4. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Texas and because the events upon which Plaintiff bases this action occurred and caused Plaintiff to suffer injury in the State of Texas.

5. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Corpus Christi, Texas 78413.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant is a business entity with headquarters at 3 City Place Drive, Suite 690, Saint Louis, Missouri 63141.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

11. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

13. Plaintiff has a cellular telephone number.

14. Plaintiff has only used this phone number as a cellular telephone.

15. Beginning in or before October 2016 and continuing through in or around September 2017, Defendant repeatedly called Plaintiff on her cellular telephone.

16. Upon information and belief, the debt Defendant was attempting to collect from Plaintiff arose from a transaction primarily for personal, household, or family purposes.

17. During this time Defendant contacted Plaintiff using an automated telephone dialing system and/or pre-recorded voice.

18. Plaintiff knew that Defendant's calls were automated calls as the calls played a prerecorded message before automatically disconnecting.

19. Plaintiff knew the calls were coming from Defendant because the recordings on the line stated the company's name.

20. Plaintiff also received voicemails from Defendant that played a message generated with a pre-recorded or automatically generated voice.

21. Plaintiff received multiple such calls or voice messages from Defendant each week continuously from about October 2016 through to September 2017.

22. At least some of the automated voice messages requested to speak to a person named Cynthia Hinojosa (phonetic).

23. Plaintiff is not named Cynthia Hinojosa, has never been known as Cynthia Hinojosa, and does not know of any person named Cynthia Hinojosa.

24. Plaintiff has never to her knowledge provided her cellular telephone number to Defendant or incurred any debt that might have been placed with Defendant for collection.

25. Plaintiff attempted to call Defendant back to inform it that it was dialing a wrong number and that she did not wish to be contacted, but she has never been able to reach a live representative.

26. The only purpose Defendant might have for placing multiple automatically-dialed and prerecorded telephone calls and voice messages each week to Plaintiff would be to harass Plaintiff.

27.     Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

28.     At least one of Defendant's calls to Plaintiff within the past year was made before 8:00 a.m. local time at Plaintiff's location.

29.     At least one of Defendant's calls to Plaintiff within the past year was made after 9:00 p.m. local time at Plaintiff's location.

30.     Plaintiff never provided Defendant any information to suggest that receiving calls before 8:00 a.m. local time or after 9:00 p.m. local time would be convenient for her.

31.     Defendant's actions as described herein were taken with the intent to harass, upset and coerce Plaintiff to pay the alleged debt.

## COUNT I
## **DEFENDANT VIOLATED §§ 1692d AND 1692d(5) OF THE FDCPA**

32.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

33.     Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

34.     Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

35.     Defendant violated sections 1692d and 1692d(5) of the FDCPA by placing repeated harassing telephone calls to Plaintiff's cellular telephone between February 2017 and September 2017 in its efforts to contact an unknown third party.

## COUNT II
## **DEFENDANT VIOLATED § 1692c(a)(1) OF THE FDCPA**

36. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

37. Section 1692c(a)(1) of the FDCPA forbids a debt collector from communicating with a consumer in connection with the collection of any debt before 8:00 a.m. or after 9:00 p.m. local time at the consumer's location unless it has knowledge of circumstances making such communications at such times not inconvenient to Plaintiff.

38. Defendant violated section 1692c(a)(1) of the FDCPA when within the one year preceding the filing of this Complaint, Defendant communicated with Plaintiff in connection with the collection of a debt before 8:00 a.m. and/or after 9:00 p.m. local time at Plaintiff's location.

## COUNT III
## **DEFENDANT VIOLATED THE TCPA**

39. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

40. Section 227(b)(1)(A)(iii) of the TCPA prohibits placing calls to a cellular telephone using an automatic telephone dialing system and/or prerecorded or automated voice.

41. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

42. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

43. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number with a prerecorded or automatically generated voice.

44. Defendant's calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent.

45. Defendant's calls to Plaintiff's cellular telephone were not made for emergency purposes.

46. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system and/or prerecorded or automated voice to Plaintiff's cellular telephone.

47. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

48. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

49. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

**Wherefore**, Plaintiff, **Sonia Johnson**, respectfully prays for judgment as follows:

    a. All actual damages Plaintiff suffered (as provided in 15 U.S.C. § 1692k(a)(1));

    b. Statutory damages of $1,000 for the violation of the FDCPA (as provided under 15 U.S.C. § 1692k(a)(2)(A))

    c.    All reasonable attorneys' fees, witness fees, court costs, and other litigation costs (as provided under 15 U.S.C. § 1693k(a)(3));

    d.    All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

    e.    Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    f.    Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    g.    Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

    h.    Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Sonia Johnson**, demands a jury trial in this case.

Respectfully submitted,

Dated: 2/15/18

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Attorney-in-Charge for Plaintiff
Pennsylvania Bar No. 202745
Federal Bar No. 1477508
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: aginsburg@creditlaw.com